IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRIAN MCMURRIN                                                                                  PLAINTIFF

vs.                                       Civil No. 6:17-cv-06090

NANCY A. BERRYHILL                                                                         DEFENDANT
Acting Commissioner, Social Security Administration

## MEMORANDUM OPINION

Brian McMurrin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") partially denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability applications on October 15, 2013. (Tr. 321-335). In these applications, Plaintiff alleges he was disabled due to arthritis, painful joints, back pain, hearing loss in both ears, limited range of motion, and severe indigestion and heartburn. (Tr. 374). Plaintiff originally alleged an onset date of April 16, 2009, and Plaintiff later amended this alleged onset date

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

to August 4, 2011. (Tr. 23, 172). These applications were denied initially and again upon reconsideration. (Tr. 121-122).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 53-85). Plaintiff's first administrative hearing was held on December 8, 2014 in Hot Springs, Arkansas. *Id.* After this administrative hearing, the ALJ entered his first administrative decision denying Plaintiff's request for disability benefits. (Tr. 169-187). After this first unfavorable decision was entered, the Appeals Council entered an order remanding Plaintiff's case back to the ALJ for administrative review. (Tr. 193-196).

The ALJ then held a second administrative hearing on December 13, 2016 in Hot Springs, Arkansas. (Tr. 86-120). At this hearing, Plaintiff was present and was represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") David Elmore testified at this hearing. *Id.* On the date of this hearing, Plaintiff testified he was fifty-five (55) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008), and testified he graduated from high school. (Tr. 92).

On February 10, 2017, the ALJ entered a partially favorable decision on Plaintiff's disability applications. (Tr. 18-38). In this decision, the ALJ determined Plaintiff was disabled as of April 15, 2015 but not before. *Id.* Specifically, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 25, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his amended alleged onset date. (Tr. 25, Finding 2). The ALJ determined Plaintiff had the following severe impairments:

> Since the alleged onset date of disability, August 4, 2011, the claimant has had the following severe impairments: bilateral hearing loss, osteoarthritis of the right knee, lumbar degenerative disc disease, fibromyalgia, attention deficit disorder, and depression. Beginning on the established onset date of disability April 16, 2015, the claimant has had the same impairments noted above with the addition of a fractured

2

left wrist with residuals (20 CFR 404.15620(c) and 416.920(c)).

(Tr. 25-26, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 26-28, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 28-36, Findings 5-6). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not entirely credible for the time-period before April 16, 2015. *Id.* Second, the ALJ determined Plaintiff retained the RFC for the following:

> After careful consideration of the entire record, the undersigned finds that prior to April 16, 2015, the date the claimant became disabled, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant could not climb ladders, ropes, or scaffolding. The work must protect the claimant from hazards and noisy work environments (noise level of 3 or below). The work would have to be limited to unskilled work, with no more than one to two work setting changes per day and only occasional contact with supervisors, coworkers, and the general public.
>
> . . .
>
> After careful consideration of the entire record, the undersigned finds that beginning on April 16, 2015, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant must avoid climbing ladders, ropes, and scaffolding. The work must not expose the claimant to hazards and noisy work environments (noise levels of 3 or below). The work must be limited to unskilled work, with no more than one to two work setting changes per day and only occasional contact with supervisors, coworkers, and the general public. Additionally, due to pain and the effects of medication, the claimant would be off task 25% of the time, would require frequent re-directions, and would not miss work.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined that since August

4, 2011, Plaintiff was unable to perform any of his Past Relevant Work ("PRW"). (Tr. 36, Finding 7). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 36-38, Findings 11-12). The VE testified at the administrative hearing regarding this issue. *Id.* Notably, based upon that testimony, the ALJ found that prior to April 16, 2015, Plaintiff retained the capacity to perform work as a cleaner/housekeeper (light, unskilled) with 230,000 such jobs nationally and poultry deboner (light, unskilled) with 89,000 such jobs nationally. *Id.*

The ALJ then determined that after April 16, 2015, Plaintiff did not retain the capacity to perform any jobs existing in significant numbers in the national economy. *Id.* Based upon these findings, the ALJ determined Plaintiff was not disabled prior to April 16, 2015 but became disabled after that date through the date of the ALJ's decision or through February 15, 2017. (Tr. .38, Finding 13).

Plaintiff requested that the Appeals Council's review the ALJ's disability determination. (Tr. 1-3). On August 12, 2017, the Appeals Council declined to review the ALJ's disability determination. *Id.* On September 7, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 22, 2017. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

2.  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the

regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 12 at 1-12. Specifically, Plaintiff's sole point of error is that the ALJ's Step Five determination is not supported by substantial evidence. *Id.* Plaintiff claims the "ALJ erred in posing an inadequate hypothetical question to the vocational expert." *Id.* at 4. Plaintiff claims the ALJ did not include Plaintiff's hearing limitations in the ALJ's hypothetical question to the VE. *Id.* at 9-10. Plaintiff claims he cannot "hear well enough to engage in normal conversation," and the ALJ did not properly account for that limitation. *Id.*

Upon review, the Court finds Plaintiff's claim is entirely without merit. Notably, Plaintiff's sole claim is that the ALJ did not account for the fact that he could not carry on normal conversations due to his hearing impairment. At the hearing in this matter, this issue was specifically addressed by the ALJ as follows, and the ALJ properly found Plaintiff could perform this other work despite his hearing limitations:

> Q. Okay. If the individual had difficulty carrying on *a normal conversation at normal conversation levels*, would he be able to do either of the two jobs you identified?

> A. *I believe so. The cleaner/housekeeping, they typically get their instructions. Some of the times they're written on a note, sometimes they just tell them what to do. Supervision's – their days laid out for them, unless things happen. Now, as far as the poultry deboner, that's–again, that [that's] repetitive work. There's supervision very occasional on this.*

(Tr. 114) (emphasis added). Based upon these facts, the Court finds no basis for reversal on this issue.

**4.  Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 29th day of June 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE